UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL ALAN CROOKER,
           Petitioner,

           v.                       CIVIL ACTION NO.  13-10329-GAO

JEFFREY GRONDOLSKY, WARDEN
OF FMC DEVENS,
           Respondent.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

On February 25, 2013, Petitioner Michael Alan Crooker ("Crooker"), an inmate at FMC

Devens in Ayer, Massachusetts, filed his third self-prepared petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241, and paid the $5.00 filing fee.  In this petition, Crooker seeks

injunctive relief on the grounds that he is being deprived of needed medication (*i.e.*, Carnosine

Cataract Eye Drops).  He alleges that he has sought to obtain those drops in lieu of cataract

surgery at the government's expense, or, in lieu of release from custody to obtain privately-

funded surgery, but his request for this medication has been denied.  Crooker again asserts that

he may bring a § 2241 habeas petition to address medical mistreatment claims (as opposed to a

civil non-habeas action).[1]

I.     Prior Related Habeas Petition: Crooker v. Grondolsky, Civil Action No. 12-12024-RGS

On October 29, 2012, Crooker filed his first self-prepared petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee.  See Crooker v. Grondolsky,

Civil Action No. 12-12024-RGS.  He complained that he was being deprived of necessary

---

[1]The action initially was assigned to Magistrate Judge Neiman.  On March 5, 2013, Magistrate Judge Neiman directed the action be directly assigned to this Court as related to Crooker v. Grondolsky, Civil Action No. 12-12106-GAO.

cataract surgery, and sought relief in the form of an order directing the Respondent to provide cataract surgery at the expense of the government.  He did not seek immediate or speedier release from custody.

On November 1, 2012, Judge Stearns issued a Memorandum and Order (Docket No. 5) dismissing the action on the ground that Crooker's claim for medical care did not raise any *bona fide* habeas claim.  Rather, Judge Stearns concluded that the vehicle for bringing an inadequate medical care/deliberate indifference claim was through a non-habeas civil action.  Id.; Crooker v. Grondolsky, 2012 WL 5416422 (D. Mass. Nov. 1, 2012).  Additionally, Judge Stearns noted that because Crooker was a three-strikes litigant under 28 U.S.C. § 1915(g), in order to bring a non-habeas civil action, he needed to pay the $350.00 filing fee or demonstrate that he is eligible to proceed *in forma pauperis* because he is under an imminent threat of serious physical injury.  On November 8, 2012, Crooker filed a Notice of Appeal of the dismissal of his § 2241 petition (pending).

Days later, on November 13, 2012, Crooker filed a second habeas petition in this Court and paid the $5.00 filing fee.[2]

II.     The Second Habeas Petition: Crooker v. Grondolsky, Civil Action No. 12-12106-GAO

On November 13, 2012, Crooker filed essentially the same § 2241 habeas petition except that he modified his requested relief.  Crooker v. Grondolsky, Civil Action No. 12-12106-GAO.  Instead of seeking only injunctive relief to compel the Respondent to provide cataract surgery, Crooker sought either an injunction directing the Respondent to provide cataract surgery at government expense, or, in the alternative, release from custody so that he could obtain his own

---

[2]Crooker also had filed a habeas petition in the District of Rhode Island, which had been dismissed as moot.  See Crooker v. Murphy, 2011 WL 2446492 (D.R.I. 2011) (Civil Action No. 11-16-M).

surgery at Massachusetts Eye and Ear Institute if the government refused to provide such

surgery.  He contended that either MassHealth or his family's health insurance or credit line

would pay for the surgery.

Crooker argued that this change in requested relief (*i.e.*, release from custody) brought

his claim within the purview of habeas law.  Further, he contended that Judge Stearns

erroneously held that § 2241 habeas relief was not available to remedy his medical mistreatment

claim.  Finally, he claimed that the case law cited was outdated, and that recent case law held to

the contrary and permitted habeas relief.

On January 4, 2013, this Court issued a Memorandum and Order (Docket No. 7),

agreeing with Judge Stearns's conclusion that Crooker's medical care claim for cataract surgery

could not be brought through a § 2241 habeas petition.  Accordingly, the petition was dismissed

the petition.

On January 22, 2013, Crooker filed a Motion for Reconsideration.  In his Motion for

Reconsideration, Crooker made four arguments.  These included: (1) the alleged misapplication

of case law by the Court; (2) the alleged inability by him to pursue non-habeas remedies under

Bivens[3] or under the Federal Tort Claims Act ("FTCA"); (3) the challenge to the Court's view

that construction of his claims as a habeas claim might improperly open the floodgates for

prisoner medical care claims to be brought in circumvention of the Prison Litigation Reform Act

("PLRA"); and (4) the assertion that this Court has authority in a habeas petition to coerce prison

officials to provide particular medical treatment.

On February 22, 2013, this Court denied the Motion for Reconsideration by Electronic

Order.  Apparently unaware of this ruling, Crooker filed the instant petition seeking to compel

---

[3]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

the Respondent to provide eye drops to him in order to alleviate his cataract problems.

DISCUSSION

I.      Review of the Habeas Petition

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 proceedings; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994); see Eady v. Director, Charleston County Detention Center, 2011 WL 3704225, *3 (D.S.C. 2011) citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970).

II.     Crooker Again Fails to Set Forth a Cognizable Habeas Claim

This Court assumes familiarity with the discussion by Judge Stearns in his Memorandum and Order in Crooker's earlier habeas petition, as well as the discussion by this Court in the Memorandum and Order in the second habeas petition, and thus it need not be reiterated here, but those opinions are incorporated by reference.

In short, for the reasons previously set forth by Judge Stearns in the first habeas petition, and this Court in the second habeas petition, Crooker still has not stated a cognizable habeas claim with respect to his medical care in the instant petition. The failure to provide adequate medical treatment is not the proper subject of a petition for a writ of habeas corpus.[4] Nothing in Crooker's arguments in this petition alters this Court's prior view on the issue, and this Court declines to convert this action to a civil non-habeas action, for the same reasons previously set forth in the Memorandum and Order (Docket No. 7) in Civil Action No. 12-12106-GAO.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.      Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and;

2.      This action is DISMISSED in its entirety with prejudice.


SO ORDERED.

                                        /s/ George A. O'Toole, Jr.
                                        GEORGE A. O'TOOLE, JR.
                                        UNITED STATES DISTRICT JUDGE
DATED: March 15, 2013

---

[4]Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991) ("[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody ... then habeas corpus is his remedy," while "if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law.").